**UNITED STATES COURT OF INTERNATIONAL TRADE**
**BEFORE THE HONORABLE TIMOTHY C. STANCEU, JUDGE**

|  |  |
|---|---|
| THE MOSAIC COMPANY et al., | ) |
| Plaintiffs, | ) |
| v. | ) |
| UNITED STATES, | ) |
| Defendant, | ) **Consol. Case No. 21-00116** |
| and | ) |
| OCP S.A. et al., | ) |
| Defendant-Intervenors. | ) |

**OCP S.A.'s RESPONSE TO DEFENDANT'S MOTION FOR EXTENSION OF TIME**

Consolidated Plaintiff and Defendant-Intervenor OCP S.A. ("OCP") respectfully submits this response to Defendant United States' Motion for an Extension of Time for the Parties to File Their Supplemental Briefs, dated May 20, 2026 ("hereinafter Government Motion") (ECF No. 191).  During oral argument, the Court ordered the parties to submit responses by May 21, 2026, to two questions pertaining to fundamental problems with the Department of Commerce's ("Commerce") methodology for assessing whether OCP received phosphate mining rights from the Government of Morocco for less than adequate renumeration ("LTAR").  *See* Transcript of Oral Argument at 85-86, 89 (April 21, 2026) (hereafter, "Transcript") (ECF No. 187).  The Court noted that an extension of this deadline would be granted only under "extraordinary" circumstances.  *See* Transcript at 85-86, 89.  Defendant now moves for a 14-day extension to

respond to the Court's questions but fails to assert the correct standard for deciding whether to grant its motion.[1]

In considering a request for extension of time, the Court maintains broad discretion to grant or deny an extension to "secure the just, speedy, and inexpensive determination of every action and proceeding." USCIT Rule 1; *see, e.g.*, Wright & Miller's Federal Practice & Procedure § 1165 (4th ed.). Generally, this Court may grant an extension of time for a party's submission where there is "good cause" for such an extension. USITC Rule 6(b)(1)(A); *see also* USCIT Rule 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent."). Here, however, the Court made clear that Defendant would need to demonstrate "extraordinary" circumstances to receive an extension. Transcript at 85-86, 89. To meet this "extraordinary" standard, Defendant must demonstrate an event or circumstance that is "beyond what is usual, customary, regular or common," and "that would not have been foreseeable to someone of normal prudence." *See Extraordinary*, Black's Law Dictionary (12th ed. 2024).

Here, Defendant has failed to assert the extraordinary circumstances standard established by this Court to move for an extension of time on the two oral argument questions. Instead, Defendant asserts under an incorrect "good cause" standard that this Court should grant an extension because of the need for government officials to confer, competing litigation deadlines, and the illness of one attorney in early May. Government Motion at 2-3. OCP respectfully submits that this Court should hold the Defendant to the extraordinary circumstances standard articulated by this Court at oral argument. OCP takes no position on whether the facts presented

---

[1] In the interest of professional cooperation and avoiding unnecessary motion practice before the Court, counsel for OCP communicated to Defendant that OCP would consent to a shorter, more reasonable extension of five (5) days (until May 26, 2026), if Defendant could commit to not requesting further extensions. Unfortunately, Defendant rejected this compromise and proceeded to file the instant extension motion.

by Defendant in its motion establish the requisite extraordinary circumstances necessary to justify Defendant's requested extension of time.

Respectfully submitted,

/s/ William R. Isasi
William R. Isasi
Wanyu Zhang
Julia H. Shults
**COVINGTON & BURLING LLP**
One CityCenter
850 Tenth Street, N.W.
Washington, D.C. 20001-4956

Micaela McMurrough
Hardeep K. Josan
**COVINGTON & BURLING LLP**
30 Hudson Yards
New York, NY 10001-2170

Dated:  May 20, 2026

*Counsel to OCP S.A.*